# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KYLE PETERSEN, | Case No. 1:19-cv-00138-DAD-EPG |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| ANTHONY SIMS, JR., et al., | ORDER FOR PLAINTIFF TO:<br>(1) FILE A THIRD AMENDED COMPLAINT; |
| Defendants. | |
| | OR |
| | (2) NOTIFY THE COURT THAT HE WISHES TO STAND ON THE SECOND AMENDED COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER |
| | (ECF No. 7) |
| | THIRTY (30) DAY DEADLINE |

Plaintiff Kyle Petersen, appearing *pro se* and *in forma pauperis*, is currently housed in the Fresno County Jail. On January 31, 2019, Plaintiff commenced this civil rights action, pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), against Department of Homeland Security agents Anthony Sims, Jr. and Nicholas Torres. (ECF No. 1).

Plaintiff filed a First Amended Complaint and lodged a Second Amended Complaint before the Court screened the original complaint. A party may amend its pleading once as a

matter of course within 21 days after serving it, Fed. R. Civ. P. 15(a)(1), but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). The Court will grant Plaintiff leave to file the Second Amended Complaint. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The Court has screened the Second Amended Complaint ("SAC") and has determined that Plaintiff has failed to state any cognizable claims.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The Court may also screen a complaint brought *in forma pauperis* under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, Hosp. Bldg. Co. v. Trs. of Rex Hospital, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, Resnick v.

Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## II. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff alleges that on May 26, 2017, federal agent Anthony Sims, Jr. ("Defendant Sims") illegally searched Plaintiff's cell phone at the request of federal agent Nicholas Torres ("Defendant Torres"). Plaintiff also alleges that on or about September 25, 2017, Defendant Sims illegally search four cell phones that belonged to Plaintiff at the request of Defendant Torres.

Plaintiff further alleges that on February 26, 2019, Defendant Sims applied for a warrant to search two cell phones that Defendant Sims had already illegally searched and the evidence from which the court had suppressed. Plaintiff alleges that rather than conduct a new search pursuant to the warrant, which was issued on February 27, 2019, Defendant Sims simply reanalyzed the previously captured forensic images, which were fruits of the prior illegal search and were suppressed in January 2019.

## III. EVALUATION OF PLAINTIFF'S COMPLAINT

### A. Heck v. Humphrey, 512 U.S. 477 (1994)

The Court notes at the outset that a jurisdictional issue may exist with any Fourth Amendment claim that Plaintiff may state. In Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable termination rule laid out in Heck preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Heck also applies to Bivens actions. Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996).

Here, it appears that Plaintiff may be involved in criminal proceedings related to the allegedly unlawful cell phone searches at issue in the SAC. For example, Plaintiff references

evidence that was suppressed in January 2019 and a search warrant that was issued on February 27, 2019. If success on Plaintiff's Fourth Amendment claim would necessarily imply the invalidity of a conviction or sentence, then: (1) the claim must be brought by way of a petition for writ of habeas corpus; and (2) would be subject to the favorable termination rule, which requires the conviction or sentence to have been reversed, expunged, or otherwise invalidated, before Plaintiff could recover damages. Also, if a plaintiff files any "claim related to rulings that will likely be made in a pending or anticipated criminal trial[,] it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007).

The Court will permit Plaintiff to file a Third Amended Complaint. Should Plaintiff choose to amend the complaint, Plaintiff shall explain what, if any, criminal proceedings have taken place and the result of those proceedings.[1]

**B. Fourth Amendment <u>Bivens</u> Claim**

A <u>Bivens</u> action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. <u>Hartman v. Moore</u>, 547 U.S. 250 (2006). The basis of a <u>Bivens</u> action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. <u>Baiser v. Department of Justice, Office of U.S. Trustee</u>, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." <u>Serra v. Lappin</u>, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing <u>Schearz v. United States</u>, 234 F.3d 428, 432 (9th Cir. 2000). A <u>Bivens</u> claim is only available against officers in their individual capacities. <u>Morgan v. U.S.</u>, 323 F.3d 776, 780 n.3 (9th Cir. 2003); <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." <u>O'Neal v. Eu</u>, 866 F.2d 314, 314 (9th Cir. 1988).

Plaintiff must allege facts linking each named defendant to the violation of his rights. <u>Iqbal</u>, 556 U.S. at 676; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020–21 (9th Cir.

---

[1] The Court may take judicial notice of its own records in other cases, <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980), and it appears that Plaintiff may be a defendant in a criminal case in this Court. See <u>United States v. Peterson</u>, No. 1:17-cr-00255-LJO-SKO.

4

2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678–79.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." Riley v. California, 573 U.S. 373, 381–82 (2014) (second alteration in original) (internal quotation marks and citations omitted). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." Id. at 382.

In Riley, the Supreme Court held that a warrant is generally required to search a cell phone seized incident to arrest.[2] 573 U.S. at 401, 403. In so holding, the Supreme Court recognized that modern cell phones are "a pervasive and insistent part of daily life" with "vast quantities of personal information" that "hold for many Americans 'the privacies of life.'" Id. at 385, 386, 403 (quoting Boyd v. United States, 116 U.S. 616, 630 (1886)). Riley declared that "[t]he fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought." 573 U.S. at 403. Although the Ninth Circuit held that the reasoning in Riley applied to suspicionless searches of probationers' cell phones, United States v. Lara, 815 F.3d 605, 612 (9th Cir. 2016),

---

[2] Riley noted, however, that "even though the search incident to arrest exception does not apply to cell phones, other case-specific exceptions may still justify a warrantless search of a particular phone." 573 U.S. at 401–02. Riley specifically discussed the availability of the exigent circumstances exception, which provides that a warrantless search may be justified by "[s]uch exigencies [as] the need to prevent the imminent destruction of evidence in individual cases, to pursue a fleeing suspect, and to assist persons who are seriously injured or are threatened with imminent injury." Id. at 402.

the Ninth Circuit declined to extend Riley to parolees, United States v. Johnson, 875 F.3d 1265, 1273–76 (9th Cir. 2017). See United States v. Korte, 918 F.3d 750, 756 (9th Cir. 2019).

The Second Amended Complaint does not contain sufficient facts to state that a Fourth Amendment violation has occurred. The SAC does not give any *factual* basis for asserting that Defendant Sims illegally searched Plaintiff's cell phone at the request of Defendant Torres. Plaintiff merely states in conclusory fashion that the searches were illegal. The Court has provided the pertinent legal standards above and will permit Plaintiff to file a Third Amended Complaint if he believes that additional true factual allegations would state a Fourth Amendment claim according to these legal standards.

## IV.   CONCLUSION AND ORDER

The Court finds that in addition to failing to state any cognizable claim upon which relief may be granted, the Second Amended Complaint may be barred by Heck v. Humphrey, 512 U.S. 477 (1994). Under Rule 15 of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court will provide Plaintiff the opportunity to file a Third Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Plaintiff is granted leave to file a Third Amended Complaint within thirty days from the date of service of this order, if he chooses to do so.

Should Plaintiff choose to amend the complaint, the amended complaint must allege constitutional violations under the law as discussed above. The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff is reminded that Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934. Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff should name each defendant and explain what happened,

describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, be an original signed under penalty of perjury, and explain what, if any, criminal proceedings have taken place and the result of those proceedings.

Plaintiff may also choose to stand on his Second Amended Complaint, in which case the undersigned will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is GRANTED leave to file the Second Amended Complaint (ECF No. 7);
2. Plaintiff may file a Third Amended Complaint curing the deficiencies identified by the Court in this order within **thirty (30) days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:19-cv-00138-DAD-EPG;

///
///
///

4. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on his Second Amended Complaint, subject to the undersigned issuing findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim; and

5. If Plaintiff fails to file a Third Amended Complaint or notify the Court that he wishes to stand on his Second Amended Complaint within thirty (30) days from the date of service of this order, the undersigned will issue findings and recommendations to the assigned district court judge recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **April 15, 2019**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE