UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>        Plaintiff,<br><br>v.<br><br>ANTHONY SIMS, JR., et al.,<br><br>        Defendants. | Case No. 1:19-cv-00138-DAD-EPG<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION FOR COPY OF SERVICE DOCUMENTS<br><br>(ECF No. 19) |

Plaintiff, Kyle Petersen, is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Before the Court is Plaintiff's second motion requesting that the Court send him copies of the documents required to accomplish service on Defendants. (ECF No. 19.) The Court will deny the motion without prejudice.

On September 27, 2019, the Court entered a Screening Order. (ECF No. 14.) The Screening Order allows Plaintiff's Third Amended Complaint (ECF No. 9), as supplemented (ECF No. 13), to proceed against Defendants Sims and Torres for violations of Plaintiff's Fourth Amendment right against unreasonable search, and authorizes service of the Third Amended Complaint on Defendants (ECF No. 14).

The Screening Order, along with certain forms and documents necessary for Plaintiff to prepare papers for service on Defendants, were served on Plaintiff on September 27, 2019, via

1

1 mail, at the address of record for Plaintiff. On October 7, 2019, Plaintiff filed a notice of change
2 of address. On October 15, 2019, the Screening Order and the forms and documents served on
3 Plaintiff on September 27, 2019, were returned with the designations "undeliverable," and
4 "unable to forward." Also on October 15, 2019, Plaintiff filed a motion requesting the Court to
5 resend documents ECF Nos. 9, 13, and 14, explaining that he was transferred on September 5,
6 2019, and was unable to obtain stamps until September 25, 2019, to submit notice to the Court
7 of his change of address. In an order entered on October 17, 2019, the Court granted Plaintiff's
8 motion, directed the Clerk of the Court to resend Plaintiff the requested documents, and granted
9 Plaintiff an additional 30 days to submit the required service documents. (ECF No. 18.)

On October 21, 2019, Plaintiff filed a second motion requesting a copy of the documents Plaintiff is required to prepare to accomplish service on Defendants. (ECF No. 19.) In this motion, Plaintiff indicates that he needs multiple copies of the service documents because he is unable to make copies due to his confinement in a segregated housing unit at his prison.

Plaintiff's second motion for copies of service documents is dated October 16, 2019, the day before the Court entered the Order granting Plaintiff's previous request for copies of service documents and thus before Plaintiff received that Order and the attached service documents. The Court will therefore deny the second motion in which Plaintiff again requests copies of the service documents that he should have now received.

To the extent Plaintiff is claiming that the prison is not allowing him to make copies of documents necessary for litigating this case, including the preparation of service documents as ordered by the Court, Plaintiff must seek to remedy that situation through the grievance process at his place of confinement. Prisoners have a constitutionally protected right of meaningful access to the courts, and this right encompasses the use of a copier to prepare legal filings. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Allen v. Akai*, 48 F.3d 1082, 1089 (9th Cir. 1994) ("[I]t does not require sophisticated 'legal scholarship' to know that a plaintiff's access to the courts could he hindered seriously by an inability to make multiple, accurate copies of legal documents."); *Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991) ("Litigation necessarily requires some means of accurate duplication because the court and the parties need to refer to

the same documents. Photocopying is a reasonable means of providing the necessary copies.").

Based on the foregoing, IT IS ORDERED that Plaintiff's second motion requesting that the Court resend copies of the service documents (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Dated: __**October 23, 2019**__            /s/ *Erin P. Gross*
                                                                    UNITED STATES MAGISTRATE JUDGE