UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KYLE PETERSEN,

                Plaintiff,

v.

ANTHONY SIMS, JR., et al.,

                Defendants.

Case No. 1:19-cv-00138-DAD-EPG

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR COPY OF SERVICE DOCUMENTS

(ECF No. 21)

Plaintiff, Kyle Petersen, is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Before the Court is Plaintiff's third motion requesting that the Court send him copies of the documents required to accomplish service on Defendants. (ECF No. 21.) The Court will deny the motion without prejudice.

On September 27, 2019, the Court entered a Screening Order. (ECF No. 14.) The Screening Order allows Plaintiff's Third Amended Complaint (ECF No. 9), as supplemented (ECF No. 13), to proceed against Defendants Sims and Torres for violations of Plaintiff's Fourth Amendment right against unreasonable search, and authorizes service of the Third Amended Complaint on Defendants (ECF No. 14).

The Screening Order, along with certain forms and documents necessary for Plaintiff to prepare papers for service on Defendants, were served on Plaintiff on September 27, 2019, via

mail, at the address of record for Plaintiff. On October 7, 2019, Plaintiff filed a notice of change of address. On October 15, 2019, the Screening Order and the forms and documents served on Plaintiff on September 27, 2019, were returned with the designations "undeliverable," and "unable to forward." Also on October 15, 2019, Plaintiff filed a motion requesting the Court to resend documents ECF Nos. 9, 13, and 14, explaining that he was transferred on September 5, 2019, and was unable to obtain stamps until September 25, 2019, to submit notice to the Court of his change of address. In an order entered on October 17, 2019, the Court granted Plaintiff's motion, directed the Clerk of the Court to resend Plaintiff the requested documents, and granted Plaintiff an additional 30 days to submit the required service documents. (ECF No. 18.)

On October 21, 2019, Plaintiff filed a second motion requesting a copy of the documents Plaintiff is required to prepare to accomplish service on Defendants. (ECF No. 19.) In this motion, Plaintiff indicates that he needs multiple copies of the service documents because he is unable to make copies due to his confinement in a segregated housing unit at his prison.

Plaintiff's second motion for copies of service documents was dated October 16, 2019, the day before the Court entered the Order granting Plaintiff's previous request for copies of service documents and thus before Plaintiff received that order and the attached service documents. The Court therefore denied Plaintiff's second request for copies of the service documents in an order entered on October 23, 2019, and served on Plaintiff via mail the same day. (ECF No. 20.)

Further, as explained in the Court's October 23, 2019, order, to the extent Plaintiff is claiming that prison officials are not allowing him to make copies of documents necessary for litigating this case, including the preparation of service documents as ordered by the Court, Plaintiff must seek to remedy that situation through the grievance process at his place of confinement. Prisoners have a constitutionally protected right of meaningful access to the courts, and this right encompasses the use of a copier to prepare legal filings. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Allen v. Akai*, 48 F.3d 1082, 1089 (9th Cir. 1994) ("[I]t does not require sophisticated 'legal scholarship' to know that a plaintiff's access to the courts could he hindered seriously by an inability to make multiple, accurate copies of legal documents.");

1  *Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991) ("Litigation necessarily requires some
2  means of accurate duplication because the court and the parties need to refer to the same
3  documents. Photocopying is a reasonable means of providing the necessary copies.").
4       Plaintiff has now filed a third motion requesting additional copies of service documents.
5  (ECF No. 21.) Plaintiff's third motion, filed on October 24, 2019, is dated October 21, 2019.
6  (*Id.*) Thus, at the time Plaintiff signed the motion, the Court had not yet issued its order denying
7  without prejudice Plaintiff's second motion and instructing Plaintiff that he must seek to
8  remedy, through the grievance process at his place of confinement, his claim that prison
9  officials are refusing to allow Plaintiff to make copies necessary for his legal filings.
10      There is no indication in Plaintiff's third motion that he has pursued the grievance
11 process to attempt to remedy the claimed refusal of prison officials to allow Plaintiff to make
12 copies necessary for his legal filings. Accordingly, the Court will deny without prejudice
13 Plaintiff's third motion for copies. If, after Plaintiff pursues the grievance process, he is still
14 unable to obtain the necessary copies, he may file a renewed motion with the Court explaining
15 the steps he has taken to remedy the situation, and the results of those steps. If needed, Plaintiff
16 may also seek additional time to submit the required service documents to the Court.
17      Based on the foregoing, IT IS ORDERED that Plaintiff's third motion requesting that the
18 Court provide Plaintiff additional copies of service documents (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated: **October 28, 2019**

/s/ Erin P. Grosjean

UNITED STATES MAGISTRATE JUDGE