UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KYLE PETERSEN,

          Plaintiff,

v.

ANTHONY SIMS, JR., et al.,

          Defendants.

Case No. 1:19-cv-00138-DAD-EPG

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, DENYING MOTION TO ALLOW OTHER INDIVIDUALS TO SIGN MOTIONS ON PLAINTIFF'S BEHALF, AND DENYING WITHOUT PREJUDICE MOTION FOR ISSUANCE OF SUBPOENAS

(ECF Nos. 16, 23, 24, 25)

Plaintiff, Kyle Petersen, is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Before the Court is Plaintiff's motion to appoint counsel (ECF No. 23), motion informing the Court of Plaintiff's intent to allow other individuals to sign motions on Plaintiff's behalf (ECF No. 24), and Plaintiff's motions requesting issuance of subpoenas (ECF Nos. 16, 25).

**A. <u>Motion to Appoint Counsel</u>**

Plaintiff requests that the Court appoint counsel to represent him in this action, stating that "he is mostly lost when it comes to filing court documents." (ECF No. 23.)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

*Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is denied without prejudice.

### B. Motion Informing Court of Plaintiff's Intent to Allow Other Individuals to Sign Motions on Plaintiff's Behalf

Plaintiff has filed a motion stating that he intends to give two individuals permission to sign motions on his behalf, "as long as they're accompanied by a declaration stating such." (ECF No. 24.) The Court denies this request.

"Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, a non-attorney has no authority to appear for, or sign a motion on behalf of, anyone other than themself. *See id.* Accordingly, Plaintiff may not designate a non-attorney to sign motions

on his behalf. Plaintiff is free to seek assistance from others, such as with legal research or other preparation of his motions, or even with the filing of those motions, but he must himself sign any motion that he files with the Court.

Plaintiff also indicates, as he has in previous motions filed in this case, that he is in the segregated housing unit ("SHU") and is unable to engage in activities necessary to litigate this action.

As the Court explained in its previous orders, prisoners have a constitutionally protected right of meaningful access to the courts, and this right encompasses the necessary means of preparing and filing legal documents. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977), *overruled in part on other grounds*, *Lewis v. Casey*, 518 U.S. 343, 354 (1996); *see also, e.g., Allen v. Akai*, 48 F.3d 1082, 1089 (9th Cir. 1994) ("[I]t does not require sophisticated 'legal scholarship' to know that a plaintiff's access to the courts could he hindered seriously by an inability to make multiple, accurate copies of legal documents."). As the Court also explained in its previous orders, to the extent Plaintiff is claiming that prison officials are not providing him with the necessary means for preparing and filing documents needed to litigate this case, Plaintiff must seek to remedy that situation through the grievance process at his place of confinement. There is no indication Plaintiff has yet done so.

If, after exhausting the grievance process, Plaintiff is still unable to access the means necessary for litigating this case, Plaintiff may then file a motion requesting the needed relief, attaching as an exhibit to that motion a copy of any decision(s) in the grievance process in which Plaintiff's requests were denied.

**C. Motions Requesting Subpoenas of CDCR Documents**

Plaintiff requests that the Court subpoena, or allow Plaintiff to subpoena, Plaintiff's California Department of Corrections and Rehabilitation ("CDCR") parole records for the period May 23, 2017, through September 25, 2017. (ECF Nos. 16, 25.) The Court denies this request without prejudice to renewal following the scheduling conference, which will be held once Defendants Sims and Torres have been served and have entered an appearance in this case.

///

IT IS ORDERED that the motion to appoint counsel (ECF No. 23), the motion informing the court of Plaintiff's intent to allow other individuals to sign motions on Plaintiff's behalf (ECF No. 25), and the motions for issuance of subpoenas (ECF Nos. 16, 25) are DENIED.

IT IS SO ORDERED.

Dated: **November 1, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE