|   |   |
|---|---|
| KYLE PETERSEN, | Case No.: 1:19-cv-00138-DAD-EPG |
| Plaintiff, | |
| v. | ORDER REGARDING PLAINTIFF'S MOTION FOR VERIFICATION THAT CASE IS ONGOING |
| ANTHONY SIMS, JR., and NICHOLAS TORRES, | (ECF No. 31) |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff, Kyle Petersen, is proceeding pro se and in forma pauperis in this civil rights action, pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff has filed a request for the Court to verify that this case is active and ongoing (ECF No. 31). Plaintiff explains that he needs such verification in order to access the law library and other legal resources he needs to prosecute this action (*id.*).

The Court previously issued a Screening Order finding that the Third Amended Complaint (ECF No. 9), as supplemented (ECF No. 13), stated cognizable claims against Defendants; finding service of the Third Amended Complaint, as supplemented, to be appropriate; and requiring Plaintiff to complete and return service documents (ECF No. 14). Plaintiff's completed service documents have been received by the Court, and the U.S. Marshal has been directed to serve the Third Amended Complaint, as supplemented, on Defendants and the United States of America. (ECF No. 30.) No further action from Plaintiff is needed at this time and the case is proceeding on the Third Amended

Complaint, as supplemented.

The Court notes that Plaintiff has indicated in several of his filings, including the present motion, that he has been having ongoing difficulty accessing resources necessary to litigate this case. The Court explains, as it has in previous orders, that prisoners have a constitutionally protected right of meaningful access to the courts, and this right encompasses, among other things, the use of a copier to prepare legal filings, and access to such things as stamps and envelopes to submit such filings to the Court. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also, e.g., Allen v. Akai*, 48 F.3d 1082, 1089 (9th Cir. 1994) ("[I]t does not require sophisticated 'legal scholarship' to know that a plaintiff's access to the courts could he hindered seriously by an inability to make multiple, accurate copies of legal documents."); *Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991) ("Litigation necessarily requires some means of accurate duplication because the court and the parties need to refer to the same documents. Photocopying is a reasonable means of providing the necessary copies."); *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) ("Indigent inmates have a constitutional right to meaningful access to the courts. They must be provided with postage stamps at state expense to mail legal documents, although a state may adopt reasonable postage stamp regulations." (citations and footnote omitted)), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

Further, as also explained in previous orders, to the extent prison officials are not allowing Plaintiff access to the resources he needs to litigate this case, Plaintiff must seek to remedy that situation through the grievance process at his place of confinement.

IT IS ORDERED that Plaintiff's motion for verification that the case is ongoing (ECF No. 31) is GRANTED to the extent that this order verifies that the case is proceeding on Plaintiff's Third Amended Complaint, as supplemented; the Court has directed service of the same on Defendants and the United States of America; and that Plaintiff has an active, ongoing civil case in the U.S. District Court for the Eastern District of California.

IT IS SO ORDERED.

Dated: **November 25, 2019**       /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE