UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY SIMS, JR., et al.,<br><br>    Defendants. | Case No. 1:19-cv-00138-DAD-EPG<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 59) |

Plaintiff, Kyle Petersen, is proceeding *pro se* in this action. Before the Court is Plaintiff's motion for reconsideration (ECF No. 59). The Court will deny the motion.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, Plaintiff seeks reconsideration of the Court's order denying his requests for entry of default. (ECF No. 58.) Plaintiff argues, as he did in his requests for entry of default that

1

Defendants Sims and Torres did not timely file their answers and that Plaintiff is therefore entitled to entry of default against them. (ECF Nos. 37, 48, 51.)

As the Court explained in its order denying Plaintiff's requests for entry of default (ECF No. 58), service of the third amended complaint ("TAC") was completed on Defendant Anthony Sims, Jr., on December 20, 2019, and on Defendant Nicholas Torres on December 23, 2019. Thus, the original deadline for Sims to file his answer was February 18, 2020, and the original deadline for Defendant Torres was February 21, 2020. This is because, under the Federal Rules of Civil Procedure, the deadline for Defendants, who are employees of the United States, to file an answer is 60 days after they have been served. Fed. R. Civ. P. 12(a)(3). As discussed more fully in the order denying Plaintiff's requests for entry of default (ECF No. 58), the original deadlines for filing the answers was extended and Defendants filed a timely motion to dismiss. Defendants are not, therefore, in default.

Plaintiff cites to the docket entry for the returns of service for Defendants. The docket entry states that Defendant Sims' answer was due on January 10, 2020; and that Defendant Torres's answer was due on January 13, 2020. (ECF No. 39.) Plaintiff argues, based on this docket entry, that the Court previously ordered that the original deadlines for Defendants' answers were January 10 and 13, 2020, imposing the 21-day deadline of Fed. R. Civ. P. 12(a)(1)(A), rather than the 60-day deadline of Fed. R. Civ. P. 12(a)(3). Plaintiff's reliance on this docket entry is misplaced. The docket entry (ECF No. 39) is not an order of the Court, and the dates contained in that docket entry are a result of a clerk's calculation—in this instance an incorrect calculation—of deadlines for Defendants' answers. The docket entry has no impact on the original deadlines for Defendants' answers.

The original deadlines for Defendants' answers were February 18 and 21, 2020. As explained in the order denying Plaintiff's requests for entry of default (ECF No. 58), those original deadlines were ultimately extended, and Defendants timely filed a motion to dismiss. Defendants are not and have not ever been in default and Plaintiff is not entitled to entry of default.

Plaintiff has not presented newly discovered evidence with his motion, has not

demonstrated that the Court committed clear error, and has not cited to an intervening change in controlling law. Instead, Plaintiff merely raises arguments that were, or could have been, raised previously. Accordingly, Plaintiff's motion for reconsideration (ECF No. 59) is DENIED.

IT IS SO ORDERED.

Dated:  **June 3, 2020**                                  /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE