UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN , <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY SIMS, JR., and NICHOLAS TORRES, <br><br> Defendants. | Case No.: 1:19-cv-00138-DAD-EPG <br><br> ORDER REGARDING PLAINTIFF'S MOTION INFORMING THE COURT OF PLAINTIFF'S ATTEMPT TO USE ADMINISTRATIVE REMEDIES <br><br> (ECF No. 36) |

Plaintiff, Kyle Petersen, is proceeding pro se and in forma pauperis in this civil rights action, pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Before the Court is Plaintiff's motion informing the court of Plaintiff's attempt to use administrative remedies. (ECF No. 36.) The Court will deny the motion.

Plaintiff represents in this motion that he initiated a grievance process by submitting an inmate request "to staff, to the Acting Captain at FCC Lompoc" and that Plaintiff was forced to use his own paper in doing so because staff in Lompoc's SHU refused to give Plaintiff a FBOP form. (*Id.*) Plaintiff further represents that in the inmate request, he explained his attempts to get to the law library using informal procedures "to no avail," and that he was filing a motion with the Court because "his inmate requests to staff are not being answered, his BP-8's (informal resolution) are not being answered, and he's being refused other grievance forms. And so he needs to put his attempts on the record." (*Id.*)

Plaintiff does not request any relief in his motion, and it appears that Plaintiff was, instead,

1

simply seeking to document his attempts and did so through a motion rather than a notice to the Court.

Further, as set forth below, since filing the motion, Plaintiff has filed multiple documents with the Court, demonstrating that he is able to prosecute this action. Specifically, since filing the motion, Plaintiff has filed a request for entry of default (ECF No. 37); a motion to serve order denying motion for judicial notice (ECF No. 38); a notice of CDCR's refusal to informally resolve Plaintiff's discovery requests (ECF No. 41); an opposition to Defendants' motion for extension of time (ECF No. 45); a second request for entry of default (ECF No. 48); a notice providing an explanation of current situation due to COVID-19 (ECF No. 49);[1] a third request for entry of default (ECF No. 51); a motion for extension of time (ECF No. 52); an opposition to Defendants' motion to dismiss (ECF No. 54); a supplement to the opposition to Defendants' motion to dismiss (ECF No. 55); a motion for reconsideration (ECF No. 59); a motion for permission to file an answer to Defendant's reply brief (ECF No. 61); and a motion requesting the Court construe this action as one under 42 U.S.C. § 1983 (ECF No. 62).[2]

In light of the foregoing, it is clear that Plaintiff is able to file documents necessary to prosecute this action. Accordingly, to the extent Plaintiff seeks relief in his motion informing court of Plaintiff's attempt to use administrative remedies (ECF No. 36), the motion is DENIED.

IT IS SO ORDERED.

Dated:   **June 29, 2020**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] In the notice providing an explanation of current situation due to COVID-19, Plaintiff indicated that additional restrictions had been imposed as a result of the COVID-19 crisis and that he was having difficulties obtaining copies needed to serve defendants. (ECF No. 49.) In response to that notice, the Court provided Plaintiff with additional accommodations, "in light of the impact that the COVD-19 crisis is having on Plaintiff's ability to make copies and to access the law library." (ECF No. 50.)

[2] Plaintiff's motion for permission to file an answer to Defendant's reply brief (ECF No. 61) and motion requesting the Court construe this action as one under 42 U.S.C. § 1983 (ECF No. 62) remain pending before the Court.