UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY SIMS, JR., et al.,<br><br>    Defendants. | No.  1:19-CV-00138-DAD-EPG<br><br>ORDER DENYING MOTION FOR THIRD PARTY SUBPOENA WITHOUT PREJUDICE AND STAYING DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 70) |

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis*, filed a *Bivens* complaint that commenced this action on January 31, 2019. (ECF No. 1). On August 17, 2020, Defendants moved to dismiss the complaint, based in part on a defense of qualified immunity. (ECF No. 46). On August 20, 2020, Plaintiff Kyle Petersen filed a motion for the issuance of a subpoena on third-party California Department of Corrections and Rehabilitation. (ECF No. 70). Defendants filed an opposition on September 10, 2020, arguing that discovery should not commence until after their motion to dismiss has been resolved. (ECF No. 72).

When a Plaintiff files a complaint against a public official, the court has discretion to stay or limit discovery until the defense of qualified immunity has been resolved.  As the U.S. Supreme Court explained in *Crawford-El v. Britton,* 523 U.S. 574 (1998):

> When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings. . . . [I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery.  To do so, the court must determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law. . . . If the plaintiff's action survives these initial hurdles and is otherwise viable, the plaintiff ordinarily will be entitled to some discovery. Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.

*Crawford-El v. Britton*, 523 U.S. at 597–598 (internal citations and footnotes omitted).

Additionally, courts in this district use a two-pronged test to determine whether to allow discovery when a motion has been filed that could dispose of the case:

> A two-pronged test is used to determine whether a protective order should issue staying discovery. *Lowery v. F.A.A.*, 1994 WL 912632, *3 (E.D. Cal. 1994). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Id*. (citing *Panola* [*Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)]). Second, the court must determine whether the pending dispositive motion can be decided absent discovery. *See Lowery*, 1994 WL 912632 at *3.

*Brown v. Reif*, No. 2:18-CV-01088-KJM-CKD (PC), 2019 WL 1787669, at *2 (E.D. Cal. Apr. 24, 2019) (unpublished); *accord Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (unpublished) ("Judges in the Eastern District of California and Northern District of California have applied variations of this test with frequency." (citing seven cases)).

Here, Defendants' motion to dismiss could dispose of the case. It argues that Plaintiff is not entitled to seek monetary damages from a federal official for the asserted violation because Plaintiff's constitutional claim does not fall within the recognized scope of claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 402 U.S. 388 (1971).  Additionally, it argues that defendants are entitled to qualified immunity. (ECF No. 46). The first prong thus warrants a stay of discovery.

Second, the Court has undertaken a preliminary review of Defendants' motion to dismiss

and Plaintiff's opposition, along with Plaintiff's proposed third-party subpoena. It appears that the pending motion to dismiss can be decided absent discovery. Therefore, the second prong also warrants a stay of discovery.

After consideration of the relevant factors, the Court will exercise its discretion to stay discovery pending resolution of Defendants' motion to dismiss and deny Plaintiff's motion for a third party subpoena without prejudice. If Defendants' motion to dismiss is denied, Plaintiff may refile his request for a third party subpoena.

If Plaintiff chooses to refile his request, however, he should narrowly tailor his requests to seek only information relevant to this case. Here, Plaintiff's request for a third party subpoena seeks, with respect to six different parole violations, the parole violation report and "[a]ll internal and external memos, emails, and other correspondence between officials, officers, and agents employed by the 'CDCR,' to include the 'DAPO,' and employees of 'HSI,' Bakersfield, California, office, in connection with any aspect of evidence pertaining to" the parole violation. (ECF No. 70). These requests appear unduly burdensome and overbroad. The gravamen of Plaintiff's civil rights complaint is that Defendants conducted warrantless parole searches that were not permitted under the terms of his parole conditions. However, Plaintiff requests *all* communications between CDCR employees and HSI employees concerning the parole violations. Those communications do not appear relevant to the question of whether Defendants' searches were permissible.[1]

Accordingly, it is HEREBY ORDERED that:

1) Plaintiff's Motion for a Third Party Subpoena (ECF No. 70) is HEREBY DENIED WITHOUT PREJUDICE.

\\\
\\\
\\\
\\\

---

[1] Additionally, Plaintiff may be able to obtain this information, to the extent within the scope of discovery, from Defendants without the need for a third party subpoena.

3

2) Discovery in this action is HEREBY STAYED pending the District Judge's ruling on Defendants' motion to dismiss (ECF No. 46).

IT IS SO ORDERED.

Dated: **September 15, 2020**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE