UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY SIMS, JR. and NICHOLAS TORRES,<br><br>    Defendants. | No. 1:19-cv-00138-DAD-EPG<br><br>REQUEST FOR ADDITIONAL BRIEFING CONCERNING A STAY OF THIS ACTION |

    This *Bivens* action is proceeding on Plaintiff Kyle Petersen's ("Plaintiff") claims that Defendants Anthony Sims, Jr. and Nicholas Torres ("Defendants") conducted an unconstitutional warrantless search of his cellular telephones that were initially searched and seized by his parole officer. (ECF Nos. 9, 13 & 14).

    Pending before the Court is Defendants' Motion to Dismiss. (ECF No. 46). One basis for Defendants' motion to dismiss is that they are immune from liability based on qualified immunity. (ECF No. 46-1 at 10-14). Defendants argue that they properly searched the phone without a warrant under *United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir. 1983), because the initial search by the parole officer was constitutional and the phone remained in police custody until their search. (*Id.*).

    It appears that the parole searches upon which Defendants rely were also an issue in Plaintiff's criminal case, *United States v. Peterson*, 1:17-cr-00255-NONE-SKO (E.D. Cal.)

Case 1:19-cv-00138-DAD-EPG   Document 76   Filed 10/26/20   Page 2 of 3

("District Court Criminal Case").[1] Plaintiff filed a motion to suppress them, and the motion was denied with respect to the parole searches. District Court Criminal Case, ECF Nos. 24 & 35.

Plaintiff has appealed his conviction and, in particular, the district court's denial of his motion to suppress the parole searches. *United States v. Petersen*, No. 19-10246, Dkt. 9 at 10, 25-41 (9th Cir.).[2]

"[A] district court may stay a case 'pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice[.]'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 382 (1935)).  When a plaintiff's civil-rights lawsuit relates to a pending or potential criminal case, district courts often stay the civil rights action until the criminal case is complete. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 (9th Cir. 1991) (where plaintiff argued statute of limitations did not bar his action because he would have been collaterally estopped from bringing a civil rights action, noting plaintiff "could have filed his civil rights action within the limitations period and then asked the district court to stay that action pending the outcome of his habeas petition. Once his conviction was reversed, there could have been no collateral estoppel effect of any kind on his civil rights claims"); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (unpublished) (vacating dismissal and remanding for entry of stay for civil detainee's civil-rights lawsuit that related to ongoing civil-commitment proceedings). It also proper to stay such cases before ordering service. *See Rhoden v. Mayberg*, No. 1:08-CV-00100-LJO-DLB, 2010 WL 2679921 (E.D. Cal. July 2, 2010) (on remand from Ninth Circuit case cited above, noting "[b]ecause Plaintiff is the only party that has appeared in this action, it is

---

[1] The Court takes judicial notice of this case. *See* Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases"). The Court will take judicial notice of its own records in other cases.

[2] The Court takes judicial notice of this case. *See Wilson*, 631 F.2d at 119.

Plaintiff's responsibility to notify the Court when state proceedings are complete").

In light of the foregoing, the Court requests additional briefing from the parties concerning the propriety of staying this action.

Accordingly, it is HEREBY REQUESTED that within twenty-one days of the date of service of this order, each party file a brief, not to exceed five pages each, concerning whether this action should be stayed pending the resolution of Plaintiff's appeal of his criminal conviction.

IT IS SO ORDERED.

Dated: __October 26, 2020__          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

3