UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>            Plaintiff,<br><br>      v.<br><br>ANTHONY SIMS, JR. and NICHOLAS TORRES,<br><br>            Defendants. | No.  1:19-cv-00138-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING STAYING THIS ACTION PENDING COMPLETION OF PLAINTIFF'S APPEAL TO THE NINTH CIRCUIT |

      Plaintiff Kyle Petersen ("Plaintiff"), a federal prisoner proceeding *pro se* and *in forma pauperis*, filed the complaint commencing this *Bivens* action on January 31, 2019. Plaintiff's third amended complaint and supplement thereto, (ECF Nos. 9 & 13), allege that Defendants Anthony Sims, Jr. and Nicholas Torres ("Defendants") violated Plaintiff's Fourth Amendment rights in searching Plaintiff's cell phones.

      Plaintiff pleaded guilty to federal offenses in a case in this district. Plaintiff's appeal, which is currently pending before the Ninth Circuit, deals with issues that are intertwined with issues in this case. Resolving the issues before the Ninth Circuit may be necessary to determine the issues herein. Therefore, the Court recommends staying this action pending the resolution of Plaintiff's appeal in his criminal case.

///

///

## I. BACKGROUND

### A. Criminal Case

This case relates to Plaintiff's criminal conviction child-pornography charges in *United States v. Peterson*, 1:17-cr-00255-NONE-SKO (E.D. Cal.) ("District Court Criminal Case").[1] Two sets of warrantless searches of Plaintiff's cellular phones in that case are relevant here.

The first set ("Parole Searches") were conducted by Plaintiff's parole officer. The parole officer then sent the cellular phones to Defendants, who conducted forensic searches ("Challenged Searches"). (ECF Nos. 9 at 3-4; 13 at 2-3).

Plaintiff filed a motion to suppress the Parole Searches and the Challenged Searches, arguing they were not authorized by his parole conditions. District Court Criminal Case ECF No. 24. The district court denied the motion to suppress with respect to Parole Searches, but, due to the government's non-opposition, it granted them with respect to the Challenged Searches. District Court Criminal Case ECF No. 35.

Plaintiff was subsequently pleaded guilty but maintained his right to appeal. In his appeal at the Ninth Circuit, Plaintiff contends that Parole Searches were unconstitutional. *United States v. Petersen*, No. 19-10246, Dkt. 9 at 10, 25-41 (9th Cir.).[2]

### B. Civil Case

This case is one of four related cases in this district, two of which have already been stayed. *See Petersen v. Sims, Jr.*, 1:20-cv-00884-DAD-EPG (stayed); *Petersen v. Buyard*, 1:20-cv-00954-DAD-EPG (service pending); *Petersen v. Buyard*, 1:20-cv-00999-DAD-EPG (stayed). In this action, Plaintiff contends the Challenged Searches violated his Fourth Amendment rights. Briefly, he contends that Challenged Searches were unconstitutional because they were not proper as parole searches.

Pending before the Court is Defendants' motion to dismiss. One basis for their motion is qualified immunity. (ECF No. 46-1 at 10-14). Defendants argue that even though the court

---

[1] The Court takes judicial notice of this case. *See* Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases").

[2] The Court takes judicial notice of this case. *See Wilson*, 631 F.2d at 119.

suppressed the Challenged Searches, they were in fact constitutional under *United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir. 1983), because the Parole Searches were constitutional.

*Burnette* "hold[s] that once an item in an individual's possession has been lawfully seized and searched, subsequent searches of that item, so long as it remains in the legitimate uninterrupted possession of the police, may be conducted without a warrant." *United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir. 1983). According to Defendants, the Challenged Searches were lawful because the Parole Searches were lawful. (ECF No. 46-1 at 11) ("Here, it is undisputed that the phones were all obtained legally as part of parole searches and seizures, and that they remained in the uninterrupted possession of law enforcement until they were able to conduct forensic searches.") As such, Defendants argue they are entitled to qualified immunity.

### C. Briefing for Stay

The Court requested that the parties provide additional briefing concerning whether this action should be stayed pending the resolution of Plaintiff's appeal of his criminal conviction. (ECF No. 76). Defendants filed their brief on November 16, 2020. They "do not oppose a stay of this action pending resolution of Plaintiff's appeal and believe that a stay would be prudent at this time." (ECF No. 77 at 2). Plaintiff filed a brief on November 17, 2020. He contends that Defendants' argument concerning *Burnette* is inapposite and a stay is therefore not necessary. (ECF No. 78 at 1-3). He also contends that Defendants are collaterally estopped from denying the validity of the searches because they were suppressed in his criminal case. (*Id.* at 3-4).

## II. LEGAL STANDARDS FOR A STAY

"[A] district court may stay a case 'pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice[.]'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 382 (1935)).  When a plaintiff's civil-rights lawsuit relates to a pending or potential criminal case, district courts often stay the civil rights action until the criminal case is complete. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common

practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 (9th Cir. 1991) (where plaintiff argued statute of limitations did not bar his action because he would have been collaterally estopped from bringing a civil rights action, noting plaintiff "could have filed his civil rights action within the limitations period and then asked the district court to stay that action pending the outcome of his habeas petition. Once his conviction was reversed, there could have been no collateral estoppel effect of any kind on his civil rights claims"); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (unpublished) (vacating dismissal and remanding for entry of stay for civil detainee's civil-rights lawsuit that related to ongoing civil-commitment proceedings).

### III.   ANALYSIS

This Court recommends staying this matter pending the Ninth Circuit appeal because issues pending before the Ninth Circuit may affect the outcome here. Defendants argue that the Challenged Searches were lawful because *Burnette* permits re-searches of lawfully searched and seized items that remain in continuous law enforcement custody. Defendants argue that "it is undisputed" that the Parole Searches were valid, (ECF No. 46-1 at 11), but Plaintiff is appealing that issue to the Ninth Circuit. Thus, the Ninth Circuit's conclusion might determine the legality of the Parole Searches which, in turn, could determine the constitutionality of the Challenged Searches.[3]

The Court thus recommends staying this action until the Ninth Circuit resolves Plaintiff's appeal. Plaintiff has appealed an order denying his motion to suppress the Parole Searches to the Ninth Circuit. Defendants argue they are entitled to qualified immunity because the Parole Searches are constitutional. A clear holding by the Ninth Circuit could substantially facilitate review of Defendants' motion to dismiss. Moreover, entering a stay will ensure this case's conclusion concerning the Parole Searches does not conflict with the Ninth Circuit's.

---

[3] Plaintiff also argues that collateral estoppel prevents Defendants from arguing the searches were legal. This argument, which Plaintiff first raised in his motion for leave to file a surreply, (ECF No. 61), fails because Defendants were not parties to the criminal case. *See Davis v. Eide*, 439 F.2d 1077, 1079 (9th Cir. 1971) ("The defendants were city police officers not directly employed by the state; they had no measure of control whatsoever over the criminal proceeding and no direct individual personal interest in its outcome. In these circumstances there was no privity sufficient to invoke the doctrine of collateral estoppel.").

Accordingly, the Court recommends entering a stay. *See Wallace*, 549 U.S. at 393-94; *Rhoden*, 361 F. App'x at 896.

**IV.     FINDINGS AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be stayed, pending completion of Plaintiff's appeal concerning the searches of his cellular phones; and
2. Within 30 days of Plaintiff receiving an opinion from the Ninth Circuit concerning his appeal, Plaintiff be ordered to file such opinion together with a statement regarding whether he still wishes to proceed in this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated:   **November 24, 2020**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE