UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>ANTHONY SIMS, JR., et al.,<br><br>　　　　Defendants. | No. 1:19-cv-00138-DAD-EPG<br><br>AMENDED ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 46, 61, 62, 65, 93, 94) |

Plaintiff Kyle Petersen is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) against defendants Anthony Sims, Jr. and Nicholas Torres, federal agents with the U.S. Department of Homeland Security Investigations. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 17, 2021, the assigned magistrate judge issued findings and recommendations recommending that: (i) defendants' motion to dismiss (Doc. No. 46) be granted, without leave to amend; (ii) plaintiff's motion to file a surreply (Doc. No. 61) be denied; (iii) plaintiff's motion to construe this action as an action brought under 42 U.S.C. § 1983 (Doc. No. 62) be denied; (iv) plaintiff's motion to amend the complaint (Doc. No. 65) be denied; (v) plaintiff's request for judicial notice (Doc. No. 93) be denied. (Doc. No. 94.) The findings and recommendations were served on the parties and contained notice that any objections thereto

were to be filed within twenty-one (21) days after service.[1] (*Id*. at 15–16.) Plaintiff filed objections on January 19, 2022. (Doc. No. 96.) Defendants did not file any objections to the pending findings and recommendations and the time in which to do so has now passed.

In his objections, plaintiff objects to the findings and recommendations recommending that defendants' motion to dismiss be granted. (*Id.*) Specifically, defendants argued that they were entitled to qualified immunity for their actions in conducting forensic searches of plaintiff's cell phones, which had been seized by plaintiff's state parole agent because one of the conditions of plaintiff's parole was that he was "prohibited from possessing a cell phone with internet access or a camera." (*See* Doc. No. 94 at 3.) In the operative third amended complaint, plaintiff essentially alleges that although the parole agent lawfully seized his cell phones and sent them to defendants for forensic analysis, which revealed "several images of naked children," defendants' searches of those cell phones occurred after his parole had been revoked, and thus defendants required a warrant to conduct those searches. (*Id.*) The magistrate judge noted that plaintiff "does not allege that Defendants were aware that his parole had been revoked and acknowledges that at least one search started prior to his parole revocation." (*Id.* at 9.) Based on these allegations, the magistrate judge defined the qualified immunity inquiry as:

> whether a reasonable federal agent could have believed that conducting a warrantless search of cell phones that were initially lawfully seized and searched by a state parole agent was lawful, when those cell phones belonged to a person whose parole had been revoked at the time of the searches, in light of clearly established law and the information the federal agents possessed.

(Doc. No. 94 at 9.)

Plaintiff does not object to this framing of the issue. Rather, plaintiff contends that the magistrate judge erred by relying on the incorrect "proposition that a state court decision cannot create clearly established rights in federal civil rights actions." (Doc. No. 95 at 2–3.) However,

---

[1] The court's initial order stated that no objections had been timely filed at that time. (Doc. No. 96 at 2.) On January 19, 2022, after the court's order was signed and just before it was docketed, plaintiff's objections to the findings and recommendations were filed. (Doc. No. 95.) The court notes that although plaintiff dated his objections January 6, 2022, the court did not receive his objections until nearly two weeks later. Nevertheless, the court issues this amended order in order to address plaintiff's objections.

2

plaintiff is mistaken because such a proposition was not stated or relied upon in the findings and recommendations, which actually concluded that the purportedly "clearly established law" that plaintiff relied upon—a decision from the California Court of Appeals in *People v. Hunter*, 140 Cal. App. 4th 1147 (2006)—"cannot create any clearly established right because Plaintiff has failed to show that the purported right established by *Hunter* has been embraced by a consensus of courts." (Doc. Nos. 94 at 11; 95 at 2–3.) That is, plaintiff's objection in this regard ignores the reasoning articulated in the findings and recommendations, namely that *Hunter* has not been embraced by a consensus of courts. Plaintiff does not contest that reasoning, which the Ninth Circuit recently confirmed to be the correct inquiry. *See J. K. J. v. City of San Diego*, 17 F.4th 1247, 1260 (9th Cir. 2021) ("In analyzing whether rights are clearly established, we look to then-existing 'cases of controlling authority' or, absent such cases, to a 'consensus' of persuasive authorities).

Moreover, the undersigned agrees with the analysis in the findings and recommendations that *Hunter* is distinguishable because in that case, the parolee's parole was formally revoked before any search or seizure occurred, whereas here, plaintiff's allegations acknowledge that his phones were lawfully seized and searched by his parole agent before his parole was revoked and that at least as to one phone, defendants initiated their forensic analysis before his parole was revoked. For this reason, the undersigned also finds plaintiff's remaining arguments regarding whether there is clearly established law prohibiting warrantless searches that entirely occur after parole is formally revoked (i.e., after he has been found guilty of committed the parole violation) to be unavailing. The undersigned agrees with the magistrate judge's conclusion that defendants are entitled to qualified immunity on plaintiff's claims "because [d]efendants' conduct as alleged in the complaint did not violate a clearly established right at the time of the search." (Doc. No. 94 at 12.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

3

Accordingly,

1. The findings and recommendations issued on December 17, 2021 (Doc. No. 94) are adopted in full;
2. Defendants' motion to dismiss (Doc. No. 46) is granted;
3. Plaintiff's motion to file a surreply (Doc. No. 61) is denied;
4. Plaintiff's motion to reconstrue his complaint (Doc. No. 62) is denied;
5. Plaintiff's motion for leave to amend his complaint (Doc. No. 65) is denied;
6. Plaintiff's request for judicial notice (Doc. No. 93) is denied;
7. This action is dismissed, without leave to amend; and
8. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 20, 2022**

UNITED STATES DISTRICT JUDGE